UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSE MARY KNICK | : |
|     Plaintiff | : CIVIL ACTION - LAW |
| | : |
| vs. | : JURY TRIAL DEMANDED |
| | : |
| SCOTT TOWNSHIP and | : |
| CARL S. FERRARO, | : NO.: |
| Individually and in his Official | : |
| Capacity as Scott Township Code | : |
| Enforcement Officer, | : [ELECTRONICALLY FILED] |
|     Defendants | : |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

AND NOW comes Plaintiff, Rose Mary Knick, by and through her attorney, Frank J. Bolock, Jr., Esquire, who files this Complaint against Defendants above-named as follows:

### I. INTRODUCTION

1. Plaintiff, Rose Mary Knick, brings this action for monetary damages to address the deprivation of civil rights secured to her by 42 U.S.C. Section 1983. Specifically, she alleges that she was subjected to an unlawful search of her property on April 10, 2013 in violation of her rights under the Fourth Amendment to the United States Constitution. Additionally, Scott Township enacted "special legislation" in the form of Ordinance 12-12-20-001 in December of 2012. Plaintiff asserts that Scott Township Ordinance No. 12-12-20-001 violates the Constitution

of the United States of America in that the Ordinance is unconstitutionally vague, creates a retroactive penal regulation regarding private property in violation of the prohibition against ex post facto laws, the Ordinance as applied to Plaintiff would result in the public taking of her property without compensation, it is further unconstitutional and unenforceable. The Defendants unlawful actions caused Plaintiff emotional distress and economic losses. She seeks economic damages, compensatory and punitive damages, and attorneys' fees and costs of this action.

## II.   JURISDICTION AND VENUE

2.   Jurisdiction of this civil rights action is conferred by this Court by 28 U.S.C. Sections 1343 and 1331.

3.   Venue herein proper under 28 U.S.C. Section 139(b) as the acts complained of herein all occurred within this judicial district.

## III.   PARTIES

4.   Plaintiff, Rose Mary Knick, is a United States citizen residing at 49 Country Club Road, Scott Township, County of Lackawanna, Commonwealth of Pennsylvania 18433.

5.   Defendant, Scott Township, is a political sub-division of the Commonwealth of Pennsylvania, organized and existing in accordance with the laws of Pennsylvania with a designation as a Township of the Second Class. Defendant, Scott Township's principal office is located at 1038 Montdale Road, Scott Township, County of Lackawanna, Commonwealth of Pennsylvania. Scott Township, as a Municipal entity, is capable of being sued under 42 U.S.C. Section 1983, and is subject to the jurisdiction of this Court.

6.   Defendant, Carl S. Ferraro, was at all times the Code Enforcement Officer of Scott Township and in his individual and official capacity was a policy maker for Scott Township.

7.   Defendant, Carl S. Ferraro is a resident of Commonwealth of Pennsylvania and is being sued in his individual and official capacity.

## IV.  STATEMENT OF FACTS

8. Plaintiff, Rose Mary Knick, is the owner of the real estate located at 49 Country Club Road, Scott Township, County of Lackawanna, Commonwealth of Pennsylvania. The Knick property (hereinafter referred to as "the Premises") is comprised of two parcels intersected by Country Club Road. The Premises consists of approximately 90 acres. The Premises has been continuously owned and occupied by Rose Mary Knick and/or members of her family dating back from 1970 continuing up through the present time. The Premises has been utilized over the years as the primary residence for Rose Mary Knick and members of her family, as a cultivated farmland, grazing area for horses, cattle and other farm animals.

9. At all times relevant hereto the Premises has been posted at regular intervals, "No Trespassing." The Premises is bounded by stonewalls, fences and other boundary markers.

10. Plaintiff, Rose Mary Knick, a conscientious citizen, taxpayer advocate frequently attends meetings of the Scott Township Supervisors and regularly confronts the Scott Township Board of Supervisors and administrative officials with respect to expenditure of funds, tax revenue issues and municipal decisions.

11. In September 2008, apparently, in response to a citizen inquiry regarding an alleged existence of an ancient burial ground on the Premises, The Scott Township Supervisors and Township Solicitor discussed the issue of the alleged burial ground at several public meetings.

12. In 2008 and early 2009 Plaintiff, Rose Mary Knick, individually and through her then Counsel, Attorney Robert Cecchini, made a Right-To-Know request of the Scott Township Supervisors as to the particulars regarding the suggestion that a burial ground was situate on her property. Rose Mary Knick, individually and through her Counsel, advised the Scott Township Supervisors that there was no designation in the chain of title regarding the Premises regarding the existence of a burial ground or cemetery on the Premises. Further, Plaintiff and her Counsel advised Scott Township that there was no physical evidence of the existence of a burial ground or cemetery on the Premises.

13. In response to Plaintiff's Right-To-Know request the Scott Township Supervisors provided Plaintiff, Rose Mary Knick, and her Counsel with some written statements of individuals indicating their belief that an ancient burial ground existed on the Premises.

14. In correspondence dated October 23, 2008, Plaintiff, Rose Mary Knick through her Attorney, Robert Cecchini, provided Scott Township through their Solicitor with correspondence confirming that in fact the Premises had no designated burial ground, grave, grave yard or cemetery and further that his review of the chain of title and other documentation confirmed that there had never been any designation, registration or documentation establishing the existence of a cemetery, burial ground or grave yard on the Premises.

15. The Scott Township Board of Supervisors took no further action with regard to the issue of the cemetery, burial ground or grave yard on Plaintiff's Premises until October 2012 at which time the Scott Township Board of Supervisors enacted an Ordinance, specifically Ordinance #12-10-18-001. Subsequent to the enactment of the aforesaid Ordinance the Township Supervisors took no action to enforce said Ordinance with regard to the Premises of the Plaintiff.

16. In December of 2012 the Scott Township Board of Supervisors enacted an Ordinance, Ordinance 12-12-20-001 dealing with the issue of the operation and maintenance of cemeteries and burial places. The December 2012 Ordinance repealed the October 2012 Ordinance in its entirety.

17. On April 10, 2013, Defendant, Carl S. Ferraro, Scott Township Code Enforcement Officer, following a collective determination by the Township Supervisors, without benefit of permission or an Administrative warrant conducted an inspection of the Knick premises.

18. On April 11, 2013, Scott Township issued a Notice of Violation alleging that the Knick premises existed in violation of the Scott Township Ordinance 12-12-20-001.

19. On or about May 7, 2013, Plaintiff, Rose Mary Knick, filed a Complaint in the Court of Common Pleas of Lackawanna County seeking

4

Declaratory and Injunctive Relief requesting that the Court: a) declare the Scott Township Ordinance 12-12-20-001 was unconstitutional, void, ineffective and without force; b) declare that Scott Township is precluded from enforcing said Ordinance against Plaintiff and decree and that the Notice of Violation dated April 11, 2013 is nullified; c) grant equitable relief in the form of a Special Injunction preliminarily following hearing and permanently thereafter to preclude and enjoin Scott Township from enforcing Ordinance 12-12-20-001; and, d) grant such other and appropriate relief including the award of attorneys fees.

20. The Plaintiff, Rose Mary Knick, through Counsel provided Defendant, Scott Township, with notice regarding the presentation of an Emergency Motion for Injunctive Relief on or about May 7, 2013 and Scott Township through their Solicitor stipulated and agreed to the entry of an Order which provided:

"ORDER
AND NOW, this 9th day of May, 2013, upon consideration of the Plaintiff's Emergency Motion for Injunctive Relief, Defendant Scott Township's agreement to withdraw its Notice of Violation dated April 11, 2013, and in accordance with a Stipulation of Counsel for the Parties it is Hereby Ordered that all proceedings by Defendant Scott Township to enforce Ordinance No. 12-12-20-001 against Plaintiff Rose Mary Knick are Stayed pending the resolution of the issues raised in the underlying Complaint seeking Declaratory and Injunctive Relief.
S/Nealon       J."

21. A Hearing regarding Plaintiff's Complaint for Declaratory Judgment was eventually conducted by the Court of Common Pleas of Lackawanna County on October 8, 2014. The Court of Common Pleas of Lackawanna County, the Honorable John Braxton, entered an Order as follows:

"ORDER
AND NOW, this 21st day of October 2014, upon consideration of Plaintiff's Motion for Injunctive Relief/Declaratory Judgment, the applicable law, and argument before this court on the matter, it is hereby ORDERED AND DECREED that this court will render no decision on the matter.

> This court finds that it is not the proper venue for this matter, since the case is not in the proper posture for a decision to be rendered on the Plaintiff's requested forms of relief."
>
> BY THE COURT:
>
> <u>Braxton          </u>,SJ.
> John Braxton"

22. On October 31, 2014, in violation of the Order of the Court of Common Pleas of Lackawanna County of May 9, 2013, Scott Township Supervisors and Scott Township Code Enforcement Officer Carl S. Ferraro issued a Notice of Violation alleging violation of Scott Ordinance 12-12-20-001.

## V. CAUSES OF ACTION

### COUNT I

### CLAIM AGAINST DEFENDANT SCOTT TOWNSHIP FOR A VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. SECTION 1983

23. Plaintiff, Rose Mary Knick, incorporates by reference the allegations of paragraphs 1 through 22 as though fully set forth herein.

24. Upon information and belief, Defendants Scott Township and Scott Township Board of Supervisors maintain a policy, practice, custom or procedure that its Code Enforcement Officer may effectuate warrantless entry onto the private property of citizens within Scott Township.

25. Scott Township's policy, custom, practice or procedure was the direct cause of the Scott Township's Code Enforcement Officer's action on April 10, 2013 consisting of his warrantless entry onto the private property of the Plaintiff, and as such resulted in the violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution subjecting it to liability under 42 U.S.C. Section 1983.

26. Plaintiff has suffered damages as a result of Defendant Scott Township's unlawful policy, custom, practice or procedure.

WHREREFORE, Plaintiff, Rose Mary Knick, respectfully requests that this Court enter a judgment in her favor:

    (a)    Awarding her economic damages;

    (b)    Awarding her compensatory damages;

    (c)    Awarding her attorneys' fees and costs of this action; and

    (d)    Granting such other relief as the Court deems necessary and appropriate.

## COUNT II

### CLAIM AGAINST DEFENDANT SCOTT TOWNSHIP FOR A VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. SECTION 1983 FOR FAILURE TO TRAIN

27. Plaintiff incorporates by reference the allegations of paragraphs 1 through 26 as though fully set forth herein.

28. Upon information and belief, prior to the events complained of herein, Defendant Scott Township failed to train its Code Official, or inadequately trained its Code Official, in the law with regard to the necessity for obtaining an Administrative warrant prior to conducting an inspection of private property under the circumstances presented herein. Furthermore, Defendant Scott Township failed to train, or inadequately trained, its Code Official with regard to the making of searches and inspection of private property. Defendant Scott Township also inadequately supervised or failed to discipline its Code Official for violation of individual Constitutionally protected rights.

29. Defendant Scott Township's failure to train its Code Official, and its inadequate training of its Code Official, and/or its inadequate supervision or discipline of its Code Official was the result of its deliberate indifference to the Constitutional rights of the citizens of Scott Township, including Plaintiff.

30. Defendant Scott Township's failure to train its Code Official and/or its failure to properly supervise or discipline its Code Official was the direct cause of the Defendant Carl S. Ferraro, Scott Township Code Enforcement Officer

actions on April 10, 2013, as complained of above, and as such, resulted in the violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution subjecting it to liability under 42 U.S.C. Section 1983.

31. Plaintiff has suffered damages as a result of Defendant Scott Township's failure to train, inadequate training of, inadequate supervision of, or inadequate discipline of its Code Official.

WHEREFORE, Plaintiff, Rose Mary Knick, respectfully requests that this Court enter a judgment in her favor:

(a) Awarding her economic damages;

(b) Awarding her compensatory damages;

(c) Awarding her attorneys' fees and the costs of this action;

(d) Awarding her punitive damages; and

(e) Granting such other relief as the Court deems necessary and appropriate.

### COUNT III

### CLAIM AGAINST DEFENDANT CARL S. FERRARO IN HIS OFFICIAL AND INDIVIDUAL CAPACITY FOR VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS UNDER 42 U.S.C. SECTION 1983

32. Plaintiff incorporates by reference the allegations of paragraph 1 through 31 as though fully set forth herein.

33. Defendant Ferraro's entry onto Plaintiff's private property and his conducting of a search on April 10, 2013 was made without an Administrative warrant, without permission and without legal justification.

34. Defendant Ferraro's actions as complained of above were taken under color of state law.

35. Defendant Ferraro's action constituted violation of Plaintiff's rights under the Fourth and Fourteenth Amendments under the United States Constitution resulting in liability under 42 U.S.C. Section 1983.

36. Plaintiff suffered damages as a direct result of Defendant Ferraro's unlawful actions including emotional distress.

37. Defendant Ferraro's actions as complained of, were willful, malicious, and/or were made in reckless disregard of Plaintiff's civil rights and Plaintiff is entitled to receive punitive damages.

WHEREFORE, Plaintiff, Rose Mary Knick, respectfully requests that this Court enter a judgment in her favor:

    (a) Awarding her economic damages;

    (b) Awarding her compensatory damages;

    (c) Awarding her punitive damages;

    (d) Awarding her attorneys' fees and costs of this action; and

    (e) Granting such other relief as the Court deems necessary and appropriate.

## COUNT IV

### CLAIM AGAINST DEFENDANT SCOTT TOWNSHIP FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONALLY PROTECTED RIGHTS PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENT RIGHTS, UNDER 42 U.S.C. SECTION 1983

38. Plaintiff incorporates by reference the allegations of paragraph 1 through 37 as though fully set forth herein.

39. Defendant, Scott Township enactment of "special legislation" in the form of Ordinance No. 12-12-20-001 is violative of the Plaintiff, Rose Mary Knick's Constitutionally protected rights pursuant to the Fourth, Fifth and Fourteenth Amendments. Said Ordinance is illegal, unconstitutional and without force of law in the following respects, among others:

a. The provisions of said Ordinance are vague, and;

b. The provisions of said Ordinance at Section 2 seeks to create a retroactive penal regulation regarding private property in violation of prohibition against ex post facto laws, and;

c. The provisions of said Ordinance are unreasonable and have no rationale relation to the promotion of public health and safety and exist as an improper exercise of the Township Police power, and;

d. The provisions of Section 5 of the Ordinance and Section 2 of the Ordinance attempt to impose regulations on private property which require that, "all cemeteries within the Township shall be kept open and accessible to the general public during day light hours. No owners or personnel shall unreasonably restrict access to the general public nor shall any fee for access be charged." These provisions exist as an effort at public taking without compensation, and;

e. The application of the Ordinance to Plaintiff's private property actually creates a nuisance by mandating public access to and across Plaintiff's private property which is otherwise not open to the public, and;

f. The Ordinance and Scott Township's effort at enforcement as substantial relationship to the promotion of public health and safety, and;

g. The provisions of Section 6 of the Ordinance attempt to grant to the Township rights to access private property which are violative of the Fourth Amendment of the United States Constitution.

40. The Plaintiff has suffered damages as a direct result of the enactment by Scott Township of Ordinance No. 12-12-20-001.

WHEREFORE, Plaintiff, Rose Mary Knick, respectfully requests that this Court enter a judgment in her favor:

    (a)    Awarding her economic damages;

    (b)    Awarding her compensatory damages;

    (c)    Awarding her punitive damages;

    (d)    Awarding her attorneys' fees and costs of this action; and

    (e)    Granting such other relief as the Court deems necessary and appropriate.

Respectfully submitted,

/s/Frank J. Bolock, Jr., Esquire
Frank J. Bolock, Jr., Esquire
Atty. I.D. No. 29983
212 Front Street
Clarks Summit, PA 18411
Tel. (570) 585-5600
Fax (570) 585-5601

Attorney for Plaintiff Rose Mary Knick