UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSE MARY KNICK | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| SCOTT TOWNSHIP | : | NO.: 3:14-CV-02223-ARC |
| | : | |
| Defendant | : | [ELECTRONICALLY FILED] |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**SECOND AMENDED COMPLAINT**

AND NOW comes Plaintiff, Rose Mary Knick, by and through her attorney, Frank J. Bolock, Jr., Esquire, who files this Second Amended Complaint against Defendant above-named as follows:

**I.   INTRODUCTION**

1.   Plaintiff, Rose Mary Knick, brings this action seeking Declaratory Judgment, Preliminary and Permanent Injunctive Relief, a Temporary Restraining Order and monetary damages arising out of Defendant's violation of the Constitution and laws of the United States.  Plaintiff's claim seeking monetary damages to address the deprivation of her civil rights is brought pursuant to 42 U.S.C. Section 1983.  Plaintiff alleges that she was subjected to an unlawful search of her property on or about April 10, 2013, in violation of her rights under the Fourth Amendment of the United States Constitution.  In addition, Scott Township enacted an ordinance -- Ordinance 12-12-20-001-- that violates the takings Clause of the Fifth Amendment both on its face and as-applied because it authorizes a physical invasion and seizure of Plaintiff's private land.

Plaintiff seeks relief in the nature of a Declaratory Judgment declaring Ordinance No. 12-12-20-001 unconstitutional.  The Defendant's unlawful actions have caused Plaintiff emotional distress and economic losses.  The Plaintiff seeks

economic damages, compensatory and punitive damages, attorneys' fees and costs of this action.

## II.   JURISDICTION AND VENUE

2.     This action arises under the Constitution and Laws of the United States, including 42 U.S.C. Section 1983.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. Section 1331 and 1343.

3.     The Court is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. Section 2201, 2202 implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the Temporary Restraining Order, and the Injunctive Relief request by Plaintiff under Rule 65 of the Federal Rules of Civil Procedure.

4.     Venue herein is the proper in this district pursuant to 28 U.S.C. Section 1391(b).  All of the acts complained of herein occurred within this judicial district.

## III.   PARTIES

5.     Plaintiff, Rose Mary Knick, is a United States citizen residing at 49 Country Club Road, Scott Township, County of Lackawanna, Commonwealth of Pennsylvania 18433.

6.     Defendant, Scott Township, is a political sub-division of the Commonwealth of Pennsylvania, organized and existing in accordance with the laws of Pennsylvania with a designation as a Township of the Second Class. Defendant, Scott Township's principal office is located at 1038 Montdale Road, Scott Township, County of Lackawanna, Commonwealth of Pennsylvania.  Scott Township, as a Municipal entity, is capable of being sued under 42 U.S.C. Section 1983, and is subject to the jurisdiction of this Court.

## IV.   STATEMENT OF FACTS

7.     Plaintiff, Rose Mary Knick, is the owner of the real estate located at 49 Country Club Road, Scott Township, County of Lackawanna, Commonwealth of Pennsylvania.  The Knick property (hereinafter referred to as "the Premises") is comprised of two parcels intersected by Country Club Road. The Premises consists

of approximately 90 acres.   The Premises has been continuously owned and occupied by Rose Mary Knick and/or members of her family dating back from 1970 continuing up through the present time.  The Premises has been utilized over the years as the primary residence for Rose Mary Knick and members of her family, as a cultivated farmland, grazing area for horses, cattle and other farm animals.

8.      At all times relevant hereto the Premises has been posted at regular intervals, "No Trespassing."  The Premises is bounded by stonewalls, fences and other boundary markers.

9.      Plaintiff, Rose Mary Knick, a conscientious citizen, taxpayer advocate frequently attends meetings of the Scott Township Supervisors and regularly confronts the Scott Township Board of Supervisors and administrative officials with respect to expenditure of funds, tax revenue issues and municipal decisions.

10.      In September 2008, apparently, in response to a citizen inquiry regarding an alleged existence of an ancient burial ground on the Premises, The Scott Township Supervisors and Township Solicitor discussed the issue of the alleged burial ground at several public meetings.

11.      In 2008 and early 2009 Plaintiff, Rose Mary Knick, individually and through her then Counsel, Attorney Robert Cecchini, made a Right-To-Know request of the Scott Township Supervisors as to the particulars regarding the suggestion that a burial ground was situate on her property.  Rose Mary Knick, individually and through her Counsel, advised the Scott Township Supervisors that there was no designation in the chain of title regarding the Premises regarding the existence of a burial ground or cemetery on the Premises.  Further, Plaintiff and her Counsel advised Scott Township that there was no physical evidence of the existence of a burial ground or cemetery on the Premises.

12.      Plaintiff has never opened her property to the general public for cemetery viewing, hiking or the like.  There is no recorded access easement on her property.

13.      In correspondence dated October 23, 2008, Plaintiff, Rose Mary Knick through her Attorney, Robert Cecchini, provided Scott Township through

their Solicitor with correspondence confirming that in fact the Premises had no designated burial ground, grave, grave yard or cemetery and further that his review of the chain of title and other documentation confirmed that there had never been any designation, registration or documentation establishing the existence of a cemetery, burial ground or grave yard on the Premises.

14.    In December of 2012, the Scott Township Board of Supervisors, enacted an Ordinance, specifically Ordinance 12-12-20-001, purporting to regulate the existence, operation and maintenance of cemeteries within Scott Township.

15.    The Ordinance defines a cemetery as "A place or area of ground, whether contained on private or public property, which has been set apart for or otherwise utilized as a burial place for deceased human beings."

16.    The Ordinance authorizes the Township's "Code Enforcement Officer and/or/his/her agents and representatives" to "enter upon *any* property within the Township for the purposes of determining the existence of and location of any cemetery…"

17.    The Ordinance states that "All cemeteries within the Township shall be kept open and accessible to the general public during daylight hours."

18.    The Ordinance states the "[a]ll cemeteries, whether private or public, and whether existing or established prior to the date of this Ordinance or hereafter created, are subject to" its terms.

19.    The Scott Township Board of Supervisors determined they would attempt to impose the provisions and restrictions of Ordinance 12-12-20-001 upon the Plaintiff and Plaintiff's premises.

20.    On April 10, 2013, the Scott Township Code Enforcement Officer, following a collective determination by the Township Supervisors, without benefit of permission and without an Administrative warrant, entered onto the Knick premises.

21.    On April 11, 2013, Scott Township issued a Notice of Violation confirming that the Township's officers had entered onto the Knick property and alleging that the Knick premises contained a burial ground which existed in

4

violation of the Scott Township Ordinance 12-12-20-001.  Plaintiff believes the alleged burial ground consists of a few stones and boulders situated on a portion of Plaintiff's property located approximately 300 yards in from the nearest public roadway.  To access the area alleged burial ground by way of the most direct route from the roadway, one must cross a fenced and gated field, and proceed through rough terrain and over a water drainage area made at least in part by a natural spring. The Notice is attached to the Complaint as Exhibit "A" and incorporated herein by reference.

22.    The Notice informed Plaintiff she was in violation of the Ordinance, in part because the purported burial ground on her land was not open and accessible to the public.

23.    On or about May 7, 2013, Plaintiff, Rose Mary Knick, filed a Complaint in the Court of Common Pleas of Lackawanna County seeking Declaratory and Injunctive Relief requesting that the Court:  a) declare the Scott Township Ordinance 12-12-20-001 was unconstitutional, void, ineffective and without force; b) declare that Scott Township is precluded from enforcing said Ordinance against Plaintiff and decree and that the Notice of Violation dated April 11, 2013 is nullified; c) grant equitable relief in the form of a Special Injunction preliminarily following hearing and permanently thereafter to preclude and enjoin Scott Township from enforcing Ordinance 12-12-20-001; and, d) grant such other and appropriate relief including the award of attorneys' fees.

24.    The Plaintiff, Rose Mary Knick, through Counsel provided Defendant, Scott Township, with notice regarding the presentation of an Emergency Motion for Injunctive Relief on or about May 7, 2013 and Scott Township through their Solicitor stipulated and agreed to the entry of an Order which provided:                          "ORDER

AND NOW, this 9th day of May, 2013, upon consideration of the Plaintiff's Emergency Motion for Injunctive Relief, Defendant Scott Township's agreement to withdraw its Notice of Violation dated April 11, 2013, and in accordance with a Stipulation of Counsel for the Parties it is Hereby Ordered that all proceedings by Defendant Scott Township to enforce Ordinance No. 12-12-20-001 against Plaintiff Rose Mary Knick

are Stayed pending the resolution of the issues raised in the underlying
Complaint seeking Declaratory and Injunctive Relief.

S/Nealon        J."

     25.    A Hearing regarding Plaintiff's Complaint for Declaratory
Judgment was eventually conducted by the Court of Common Pleas of
Lackawanna County on October 8, 2014.  The Court of Common Pleas of
Lackawanna County, the Honorable John Braxton, entered an Order as follows:

"ORDER

AND NOW, this 21st day of October 2014, upon consideration of
Plaintiff's Motion for Injunctive Relief/Declaratory Judgment, the
applicable law, and argument before this court on the matter, it is
hereby ORDERED AND DECREED that this court will render no
decision on the matter.

    This court finds that it is not the proper venue for this matter, since the
case is not in the proper posture for a decision to be rendered on the
Plaintiff's requested forms of relief."

BY THE COURT:

Braxton            ,SJ.
John Braxton"

     26.    On October 31, 2014, the Scott Township Supervisors and Scott
Township Code Enforcement Officer Carl S. Ferraro issued another Notice of
Violation alleging Plaintiff's property contained a burial ground and that Plaintiff
was in violation of Scott Township Ordinance 12-12-20-001.  The Notice is
attached to this Complaint as Exhibit "B" and incorporated herein by reference.

     27.    This second Notice informed Plaintiff she was in violation of the
Ordinance in part because the purported burial ground on her land as not open and
accessible to the public.

     28.    As a consequence of Scott Township's Enforcement Notice of
October 31, 2014, Plaintiff filed a Petition for Contempt in the Court of Common
Pleas of Lackawanna County.  Following a hearing before the Court of Common
Pleas, the Honorable Terrance Nealon presiding denied the Petition for Contempt
and entered a Memorandum and Order which essentially lifted the Stay that had

previously been entered on May 9, 2013.  The Court of Common Pleas of Lackawanna County has not addressed the Plaintiff's claim for Declaratory Relief.

## V.    CAUSES OF ACTION

### COUNT I

### CLAIM AGAINST DEFENDANT SCOTT TOWNSHIP FOR A VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. SECTION 1983

29.    Plaintiff, Rose Mary Knick, incorporates by reference the allegations of paragraphs 1 through 28 as though fully set forth herein.

30.    Upon information and belief, Defendants Scott Township and Scott Township Board of Supervisors maintain a policy, practice, custom or procedure that its Code Enforcement Officer may effectuate warrantless entry onto the private property of citizens within Scott Township.

31.    Scott Township's policy, custom, practice or procedure was the direct cause of the Scott Township's Code Enforcement Officer's action on April 10, 2013, consisting of his warrantless entry onto the private property of the Plaintiff, and as such resulted in the violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution subjecting it to liability under 42 U.S.C. Section 1983.

32.    Plaintiff has suffered damages as a result of Defendant Scott Township's unlawful policy, custom, practice or procedure.

WHEREFORE, Plaintiff, Rose Mary Knick, respectfully requests that this Court enter a judgment in her favor:

        (a)    Awarding her economic damages;

        (b)    Awarding her compensatory damages;

        (c)    Awarding her attorneys' fees and costs of this action;

        (d)    Awarding her punitive damages; and

(e)     Granting such other relief as the Court deems necessary
and appropriate.

## COUNT II

## CLAIM AGAINST DEFENDANT SCOTT TOWNSHIP FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONALLY PROTECTED RIGHTS PURSUANT TO THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS, UNDER 42 U.S.C. SECTION 1983

33.     Plaintiff incorporates by reference the allegations of paragraph 1 through 32 as though fully set forth herein.

34.     The provisions of the Ordinance require that "all cemeteries within the Township shall be kept open and accessible to the general public during day light hours."

35.     The Ordinance defines "cemeteries" to include burial grounds that are "contained on private . . . property."

36.     The Ordinance requires private property owners to allow the general public to enter, traverse, and occupy their private land, without compensation, every day of the year.  As such, on its face, the Ordinance causes an unconstitutional physical invasion and taking of private property.

37.     The Ordinance also causes an unconstitutional physical taking on its face in authorizing the Township's "Code Enforcement Officer and/or his/her agents and representatives" to enter, traverse and occupy private property for the purpose of determining the "existence" of any cemetery, without any provision of compensation to the effected owners.

38.     The Ordinance gives the Township an easement across all private land within its jurisdiction which it can utilize at any time on the basis that it is looking for the existence of cemeteries.

39.     On its face, the Ordinance provision allowing Township officials to invade and access private land to look for cemeteries eviscerates property owners'

fundamental right to exclude others.  The provision therefore takes private property in violation of the Takings Clause.

40.    Moreover, on its face, the Ordinance gives Township agents a right of entry on private land without cause.  It therefore seizes real property interests, and/or authorizes a search of such lands, in violation of the Fourth Amendment.

41.    The Township has applied its Ordinance to Plaintiff's property by physically entering the property and by sending Notices of Violation which declare her property to be subject to the Ordinance, and which further state that she is in violation of the Ordinance in part because her property is not open to the general public.

42.    As applied to Plaintiff, the Ordinance effects an uncompensated physical taking of her property by requiring Plaintiff to open her private property to the public, on pain of civil fines and penalties.

43.    The Plaintiff has suffered damages as a direct result of the enactment by Scott Township of Ordinance No. 12-12-20-001.

WHEREFORE, Plaintiff, Rose Mary Knick, respectfully requests that this Court enter a judgment in her favor:

      (a)    Awarding her economic damages;

      (b)    Awarding her compensatory damages;

      (c)    Awarding her punitive damages;

      (d)    Awarding her attorneys' fees and costs of this action; and

      (e)    Granting such other relief as the Court deems necessary and appropriate.

## COUNT III

### CLAIM FOR RELIEF PURSUANT TO THE DECLARATORY JUDGMENT ACT DECLARING SCOTT TOWNSHIP ORDINANCE 12-12-20-001 UNCONSTITUTIONAL AND FOR A TEMPORARY RESTRAINING ORDER,

## AS WELL AS PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AGAINST SCOTT TOWNSHIP

44.     Plaintiff incorporates by reference the allegations of paragraph 1 through 43 as though fully set forth herein.

45.     Plaintiff, Rose Mary Knick, is entitled to a Temporary Restraining Order, as well as a Preliminary and Permanent Injunction.  Defendant, Scott Township is acting and threatening to act under color of state law to enforce the unconstitutional Ordinance 12-12-20-001.  Plaintiff will suffer irreparable injury and will continue to suffer real and immediate threat of irreparable injury as a result of the existence, operation, enforcement and threat of enforcement of the challenged Ordinance.  Plaintiff has no adequate or speedy remedy at law.

46.     Plaintiff, Rose Mary Knick, as owner of the premises, as described herein, has received from Defendant, Scott Township, Notice of Violation dated April 11, 2013 and October 31, 2014, and consequently her interest in these proceedings is direct, substantial and present and the Enforcement Action undertaken by Scott Township reveals an actual controversy related to the invasion of Plaintiff's constitutionally protected property rights.

47.     Plaintiff, Rose Mary Knick, requests a Declaration of Rights with respect to the controversy.  Without such a Declaration, Plaintiff, Rose Mary Knick, will be uncertain of her rights and responsibilities under the law.

48.     Plaintiff asserts that Scott Township Ordinance No. 12-12-20-001 violates the Constitution of the United States of America, the Constitution of the Commonwealth of Pennsylvania and that said Ordinance is illegal, unconstitutional and without force of law in the following respects. Among others:

(a)     The public access provisions unconstitutionally takes Plaintiff's property on their face and as-applied.

(b)     The provisions of Section 6 of the Ordinance attempting to grant to the Township rights to enter and access private property violates the Takings Clause and the Fourth Amendment of the United States Constitution on their face.

49.    The harm to Plaintiff as a result of Defendant's attempt to enforce an unconstitutional and void Ordinance is substantial.

50.    Unless Defendant is enjoined or other relief is granted, Plaintiff will be deprived of her constitutionally protected property rights.

51.    No harm or prejudice will result to Defendant if relief is granted.

52.    Plaintiff has no adequate remedy at law.

53.    Plaintiff's right to relief is clear.

WHEREFORE, Plaintiff respectfully requests the following additional relief:

(a)    A Declaratory Judgment holding that Scott Township Ordinance 12-12-20-001 is unconstitutional;

(b)    A Temporary Restraining Order, Preliminary Injunction and Permanent Injunction prohibiting Defendant, Scott Township, from enforcing the challenged Ordinance;

(c)    Awarding her economic damages;

(d)    Awarding her compensatory damages;

(e)    Awarding her punitive damages;

(f)    Awarding her attorneys' fees and costs of this action; and

(g)    Granting such other relief as the Court deems necessary and appropriate.

Respectfully submitted,

/s/Frank J. Bolock, Jr., Esquire_____
Frank J. Bolock, Jr., Esquire
Atty. I.D. No. 29983
212 Front Street, Clarks Summit, PA 18411
Tel. (570) 585-5600\Fax (570) 585-5601

Dated: 11/16/2015          Attorney for Plaintiff, Rose Mary Knick

11



## SCOTT TOWNSHIP

*An Historic Community Founded 1840*

## COMMONWEALTH OF PENNSYLVANIA

1038 MONTDALE RD. SCOTT TOWNSHIP, PA 18447  PHONE: 570-319-1296 - FAX: 570-319-1321

April 11, 2013

**\*\*NOTICE OF VIOLATION\*\***

Rose Knick
49 Country Club Rd
Scott Township Pa 18433

Ms. Knick,

On April 10, 2013 an inspection was made of your property on Country Club Rd. based on information that there may be a cemetery on the property. Multiple grave markers/tombstones were found during this inspection. As a result, it has been determined that a "cemetery" as defined by ordinance 12-12-20-001 exists on your property.

This letter will serve as notice that you are in violation of the above referenced ordinance, Section # 4, which requires that all cemeteries be maintained and kept up by the owner of the property where it resides. "No owner shall allow grass, weeds or trees to accumulate upon same to the extent that any grave marker is obstructed and shall otherwise keep same free of debris and refuse" The stones located on your property were found to be obscured by trees, dirt and weeds. Others have been buried or covered with dirt and leaves.

It has also been determined that you are in violation of section # 5 of the ordinance which requires that all cemeteries within the Township shall be kept open and accessible to the general public during daylight hours.  No owner or personal shall unreasonably restrict access to the general public nor shall any fee for access be charged.

Within 30 days from that date of this notice, you are directed to remove any weeds, trees or debris from the cemetery that may be obscuring the graves or markers. The stones that are in the cemetery should be made visible and restored as much as possible, in that they should be stood up to their original position or at the very least laid on the grave face up so that the graves can be identified.

EXHIBIT "A"

You are also directed to make access to the cemetery available to the public during daylight hours as required by the ordinance.

A second inspection of the property will be conducted in 31 (THIRTY ONE) days from the date of this letter. If the cemetery has not been cleaned, the Township will enter upon the property and provide for the removal to be done by employees of the Township or persons hired for such purpose at the Township's expense. All costs of removal and clean up shall be assessed against the you as the property owner and thereafter shall be collected by the Township pursuant to 53 P.S. §68302(b) of the Second Class Township Code

In addition, failure to comply with either of these requirements will result in a civil enforcement action being brought by the Township. Upon being found liable in a civil enforcement proceeding before a District Justice or Magisterial District Justice, You shall pay a fine and/or penalty of not less than Three Hundred ($300.00) Dollars nor more than Six Hundred ($600.00) Dollars per violation, plus all court costs, including reasonable attorney's fees incurred by the Township in the enforcement of this Ordinance. Each day that the violation exists shall constitute a separate offense.

As always our goal is compliance with the Ordinances of the Township rather than punishment, as such I look forward to your cooperation in this matter. If you have any questions feel free to contact me at the Township Office at 570.319.1296 ext 6 Monday-Friday.

Thank You

Carl S. Ferraro
Code Enforcement Officer

Sent via certified and first class mail

Cc: File
     Supervisors
     Solicitor

EXHIBIT "A"



*An Historic Community Founded 1840*

## COMMONWEALTH OF PENNSYLVANIA

1938 MONTDALE RD, SCOTT TOWNSHIP PA 18447  PHONE  570-319-1296   FAX  570-319-1321

October 31, 2014

## **NOTICE OF VIOLATION**

Rose Knick
49 Country Club Rd
Scott Township Pa 18433

Ms. Knick,

Based on information received from eyewitness accounts it has been determined that a "cemetery" as defined by ordinance 12-12-20-001 exists on your property.

This letter will serve as notice that you are in violation of the above referenced ordinance, Section # 4, which requires that all cemeteries be maintained and kept up by the owner of the property where it resides. "No owner shall allow grass, weeds or trees to accumulate upon same to the extent that any grave marker is obstructed and shall otherwise keep same free of debris and refuse.

It has also been determined that you are in violation of section # 5 of the ordinance which requires that all cemeteries within the Township shall be kept open and accessible to the general public during daylight hours.  No owner or personal shall unreasonably restrict access to the general public nor shall any fee for access be charged.

Within 30 days from that date of this notice, you are directed to remove any weeds, trees or debris from the cemetery that may be obscuring the graves or markers. The stones that are in the cemetery should be made visible and restored as much as possible, in that they should be stood  up to their original position or at the very least laid on the grave face up so that the graves can be identified.

You are also directed to make access to the cemetery available to the public during daylight hours effective immediately as required by the ordinance.

An inspection of the property will be conducted in 31 (THIRTY ONE) days from the

EXHIBIT "B"

date of this letter. If the cemetery has not been cleaned, the Township will enter upon the property and provide for the removal to be done by employees of the Township or persons hired for such purpose at the Township's expense.  All costs of removal and clean up shall be assessed against the you as the property owner and thereafter shall be collected by the Township pursuant to 53 P.S. §68302(b) of the Second Class Township Code

In addition, failure to comply with either of these requirements will result in a civil enforcement action being brought by the Township. Upon being found liable  in a civil enforcement proceeding before a District Justice or Magisterial District Justice, You shall pay a fine and/or penalty of not less than Three Hundred ($300.00) Dollars nor more than Six Hundred ($600.00) Dollars per violation, plus all court costs, including reasonable attorney's fees incurred by the Township in the enforcement of this Ordinance.  Each day that the violation exists shall constitute a separate offense.

As always our goal is compliance with the Ordinances of the Township rather than punishment, as such I look forward to your cooperation in this matter. If you have any questions feel free to contact me at the Township Office at 570.319.1296 ext 6 Monday-Friday.

Thank You

Carl S. Ferraro
Code Enforcement Officer

Personal Service

Cc: File
     Supervisors
     Solicitor

EXHIBIT "B"

UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

ROSE MARY KNICK          :
           Plaintiff     :  CIVIL ACTION - LAW
                       :
vs.                      :  JURY TRIAL DEMANDED
                       :
SCOTT TOWNSHIP           :  NO.: 3:14-CV-02223-ARC
           Defendant     :  [ELECTRONICALLY FILED]
***********************************************************************

## CERTIFICATE OF SERVICE

    I, Frank J. Bolock, Jr., Esquire, Counsel for Plaintiff do hereby certify that a true and correct copy of Plaintiff's Second Amended Complaint was electronically filed with the Court this 16th day of November, 2015 via CM/ECF and served electronically on all Counsel of record.

                           Respectfully submitted,

                         /s/ Frank J. Bolock, Jr., Esquire

                         _____

                         Frank J. Bolock, Jr., Esquire
                         Atty. I.D. #29983
                         212 Front Street
                         Clarks Summit, PA 18411
                         Tel. (570) 585-5600/Fax (570) 585-5601

                         Attorney for Plaintiff Rose Mary Knick

12